**UNITED STATES of America, Appellee,**

v.

**Maria HURTADO, Defendant–Appellant.**

**Docket No. 00–1644.**

United States Court of Appeals, Second Circuit.

April 24, 2003.

B. Alan Seidler, Law Office of B. Alan Seidler, Nyack, NY, for Appellant.

---

Barbara D. Cottrell, Assistant United States Attorney (Joseph A. Pavone, United States Attorney for the Northern District of New York; William C. Pericak, Assistant United States Attorney, on the brief), Albany, NY, for Appellee.

Present: STRAUB, SOTOMAYOR, Circuit Judges, and GOLDBERG, Judge.*

### SUMMARY ORDER

UPON SUBMISSION AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the case is hereby REMANDED to the District Court for additional fact-finding.

Defendant–Appellant Maria Hurtado ("Hurtado") appeals from a judgment of conviction entered on September 11, 2000, in the United States District Court for the Northern District of New York (Lawrence E. Kahn, *Judge*), following a jury trial. By summary order dated June 10, 2002, we rejected all of Hurtado's claims except for her ineffective assistance of counsel claim which was based on defense counsel Jorge Guttlein's ("Guttlein") alleged failure to fully inform Hurtado of the terms of the Government's plea offer. As Hurtado was represented by two separate attorneys, Guttlein and B. Alan Seider ("Seider"), prior to trial, and due to significant confusion as to the timing and sequence of key events, we remanded the ineffective assistance of counsel claim to the District Court for further development of the record and additional findings of fact while retaining jurisdiction over the appeal. *See United States v. Jacobson,* 15 F.3d 19, 21–22 (2d Cir.1994).

On remand, the District Court ordered the parties to submit supplemental affidavits and briefing addressing the relevant facts. Hurtado has submitted an affidavit stating that Guttlein failed to inform her that the Government had threatened to file a superseding indictment with additional money laundering charges if Hurtado did not plead guilty to violating the currency reporting provisions of 31 U.S.C. §§ 5316 and 5322. She also contends that although she repeatedly communicated her desire to plead guilty to Guttlein, Guttlein instead moved to dismiss the original indictment. Guttlein denies the substance of Hurtado's allegations, claiming that he understood that Hurtado was only willing to consider a guilty plea if the Government agreed to a lower sentence of incarceration.**

The District Court forwarded these supplemental materials to this Court, and Hurtado's appeal was reinstated on February 12, 2003. However, it now appears that Hurtado and Guttlein give conflicting accounts of their plea discussions. Because we cannot making the requisite findings of fact to resolve the conflicting affidavits, *Miranda v. Bennett,* 322 F.3d 171, 174–75 (2d Cir.2003) ("[w]here an appeal turns on factual issues, findings of fact by the district court are normally needed in order to permit meaningful appellate review"), we must again remand to the District Court for specific findings as to: (1) whether Guttlein informed Hurtado that the Government planned to file a superseding indictment with additional charges, (2) whether Hurtado was unwilling to plead guilty to the initial currency reporting charge due to the length of the

---

\* The Honorable Richard W. Goldberg, Judge of the United States Court of International Trade, sitting by designation.

\** William C. Pericak ("Pericak"), the Assistant United State Attorney assigned to the case, indicates that he did advise Guttlein at a November 10, 1999 pretrial conference that he would be filing a superseding indictment containing money laundering charges. However, Pericak also states that he was told that Hurtado had declined to plead guilty to the initial currency reporting charge – although he does not recall whether it was Seidler or Guttlein who conveyed this information.

potential sentence, and (3) whether Guttlein discouraged Hurtado from pleading guilty. We direct the District Court to conduct an evidentiary hearing to resolve these disputed issues.

We retain jurisdiction to consider the merits of Hurtado's ineffective assistance claim once the District Court makes the necessary findings. *See Jacobson*, 15 F.3d at 21–22.

For the reasons stated above, the case is REMANDED to the District Court for additional findings of fact.