**UNITED STATES of America,**
Appellee,

v.

**Maria HURTADO, Defendant–Appellant.**

No. 00–1644.

United States Court of Appeals, Second Circuit.

Jan. 5, 2005.

B. Alan Seidler, Law Office of B. Alan Seidler, Nyack, NY, for Appellant.

Barbara D. Cottrell, Assistant United States Attorney (Joseph A. Pavone, United States Attorney for the Northern District of New York; William C. Pericak, Assistant United States Attorney, on the brief), Albany, NY, for Appellee.

* The Honorable Richard W. Goldberg, Judge of the United States Court of International Trade, sitting by designation.

Present: STRAUB, SOTOMAYOR, Circuit Judges, GOLDBERG, Judge.*

### SUMMARY ORDER

UPON SUBMISSION AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is AFFIRMED.

Defendant–Appellant Maria Hurtado ("Hurtado") appeals from a judgment of conviction entered on September 11, 2000, in the United States District Court for the Northern District of New York (Lawrence E. Kahn, *Judge*), following a jury trial. By summary order dated June 10, 2002, we rejected all of Hurtado's claims except for her ineffective assistance of counsel claim which was based on defense counsel Jorge Guttlein's ("Guttlein") alleged failure to fully inform Hurtado of the terms of the government's plea offer. As Hurtado was represented by two separate attorneys, Guttlein and B. Alan Seidler ("Seidler"), prior to trial, and due to significant confusion as to the timing and sequence of key events, we remanded the ineffective assistance of counsel claim to the District Court for further development of the record and additional findings of fact while retaining jurisdiction over the appeal in accordance with *United States v. Jacobson*, 15 F.3d 19, 21–22 (2d Cir.1994).

Upon remand, the District Court ordered the parties to submit supplemental affidavits and briefing addressing the relevant facts. Hurtado submitted an affidavit stating that Guttlein failed to inform her that the government had threatened to file a superseding indictment with additional money laundering charges if Hurtado did

not plead guilty to violating the currency reporting provisions of 31 U.S.C. §§ 5316 and 5322. She also contended that although she repeatedly communicated her desire to plead guilty to Guttlein, Guttlein instead moved to dismiss the original indictment. Guttlein denies the substance of Hurtado's allegations, claiming that he understood that Hurtado was only willing to consider a guilty plea if the government agreed to a lower sentence of incarceration.

The District Court forwarded these supplemental materials to this Court, and Hurtado's appeal was reinstated on February 12, 2003. Because we could not make the requisite findings of fact to resolve the conflicting affidavits, *see Miranda v. Bennett,* 322 F.3d 171, 175 (2d Cir.2003), we again remanded the case to the District Court for specific findings as to: (1) whether Guttlein informed Hurtado that the government planned to file a superseding indictment with additional charges, (2) whether Hurtado was unwilling to plead guilty to the initial currency reporting charge due to the length of the potential sentence, and (3) whether Guttlein discouraged Hurtado from pleading guilty. *United States v. Hurtado,* 61 Fed.Appx. 766 (2d Cir.2003).

In accordance with our order, the District Court held an evidentiary hearing on June 24, 2003. Hurtado testified that she informed Guttlein that she wanted to plead guilty to the original currency reporting charge, that Guttlein advised her not to plead guilty to those charges, that Guttlein never advised her that if she did not plead guilty to the currency reporting charge that the government would file a superceding indictment with additional money laundering charges, and that she did not want to proceed to trial.

Guttlein testified that he believed he had been hired by Hurtado after she fired her previous attorney because she did not want to plead guilty, but wanted to go to trial on the currency reporting charges. He testified that he recommended to Hurtado not to plead guilty to the currency reporting charges because there were ongoing investigations in the United States and Canada into Hurtado's case and the government was making no guarantee that it would not bring further charges even if a plea were taken. Guttlein testified that his practice was to make a recommendation concerning a plea bargain, but ultimately "do whatever [his] client sa[id]." Although Guttlein did not have a "specific recollection" of informing Hurtado that the government was threatening to file additional charges, he asserted that it was his normal practice to tell his client everything the government communicated to him, and that he had informed Hurtado of the additional charges at least by the day they lost the motion to have the initial indictment dismissed. He testified that although he did not have a specific recollection of discussing the sentencing guideline range on the currency reporting charge with Hurtado, his normal practice was to discuss such ranges and any possible departures that could be argued at sentencing.

On the basis of this testimony, the District Court concluded: (1) Guttlein did inform Hurtado that the government planned to file a superceding indictment with additional charges; (2) Hurtado was unwilling to plead guilty to the initial currency reporting charge; and (3) Guttlein discouraged Hurtado from pleading guilty. *See United States v. Hurtado,* No. 1:97–CR–306 (N.D.N.Y Oct. 4, 2004) (mem.).

To demonstrate ineffective assistance of counsel, a defendant must show that "counsel's representation fell below an objective standard of reasonableness" and "that there is a reasonable probability that, but for counsel's unprofessional er-

336

rors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

We conclude based on the District Court's findings and our independent review of the affidavits and transcript of the evidentiary hearing on remand that Guttlein's representation did not fall below an objective standard of reasonableness. Accordingly, Hurtado has failed to demonstrate that her rights under the Sixth Amendment were violated.

For the reasons stated above, the judgment of the District Court is AFFIRMED.